[Cite as *State v. Matthews*, 2011-Ohio-1321.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 10-CA-009 |
| HERMAN D. MATTHEWS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Holmes County
                             Court of Common Pleas, Case No. 10-CR-
                             013


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 21, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

F. CHRISTOPHER OEHL                 DAVID M. HUNTER
Assistant Prosecuting Attorney      244 W. Main Street
164 E. Jackson Street               Loudonville, OH 44842
Millersburg, OH 44654

*Gwin, P.J.*

{¶1} Defendant-appellant Herman D. Matthews appeals his convictions and sentences in the Holmes County Court of Common Pleas for theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(2). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} This case arose from the rental of a backhoe from Keim Lumber in Holmes County, Ohio. On December 21, 2009, appellant and another individual went to Keim Lumber to rent a mini excavator and trailer. The appellant claimed it was for a one-day rental. When appellant made a phone reservation on December 17, 2009, he gave a fictitious business address and nonworking telephone number. He confirmed that fake address and false phone number in person on December 21, 2009. On the day appellant was to return the mini excavator he called Keim Lumber claiming, "the neighbor from where he was doing the work also wanted to have some work done." The excavator valued at $18,800.00 and the trailer valued at $3,625.00 were never returned to Keim Lumber by appellant or anyone else.

{¶3} Appellant was interviewed by Detective McVicker of the Holmes County Sheriff's Department at the jail on February 19, 2010. That interview was recorded.

{¶4} Appellant was arraigned on March 31, 2010 at which time he was provided discovery including the audio recording of his initial custodial interrogation of February 19, 2010. Also provided at that time was a written documentation of his waiver of his *Miranda* warnings. However, the waiver provided in the written documentation related to his second meeting with detectives on March 2, 2010. During the trial when it was discovered that the written version of the waiver for the February

19th interview was not in the state's file and therefore not provided in open discovery, the state, after the afternoon break, provided the *Miranda* Rights and Waiver form for the interview on February 19, 2010. Defense counsel moved the court for a mistrial and sanction based upon Criminal Rule 16, asserting that he was denied the ability to prepare cross-examination and did not have a chance to file a Motion to Suppress. The trial court overruled both of appellant's motions.

{¶5} The jury found appellant guilty. Appellant later filed a motion for new trial, which was heard on May 18, 2010. Appellant's motion for a new trial was overruled and the matter proceeded to sentencing.

{¶6} The trial court sentenced appellant to serve fifteen months in Lorain Correctional Institution, pay restitution to Keim Lumber in the amount of $24,400.00 and pay court costs. Further appellant was notified concerning non-mandatory post-release control.

{¶7} It is from this conviction which appellant now appeals, assigning the following errors for review:

{¶8} "I. THE TRIAL COURT ERRED BY NOT GRANTING A MISTRIAL AND/OR CONTINUING THE TRIAL BASED UPON PROSECUTORIAL VIOLATION OF THE DISCOVERY RULES.

{¶9} "II. THE TRIAL COURT ERRED IN ALLOWING A TAPE RECORDING TO BE PLAYED FOR THE JURY WITHOUT THE SAME BEING AUTHENTICATED, AND OVER OBJECTION OF DEFENSE COUNSEL.

{¶10} "III. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL.

**{¶11}** "IV. THE SENTENCE OF THE COURT IS CONTRARY TO STATUTE.

**{¶12}** "V. THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

I.

**{¶13}** In his first assignment of error, appellant argues that the state violated the Rules of Criminal Discovery by failing to provide appellant the written waiver of *Miranda* rights form that he signed February 19, 2010 until after the trial had begun.

**{¶14}** Crim.R. 16(E)(3) provides for the regulation of discovery and permits a trial court to exercise discretion in selecting the appropriate sanction for a discovery violation. Generally, a trial court must impose the least severe sanction for a discovery violation that is consistent with the purposes of the rules of discovery. Prosecutorial violations of Crim.R. 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect.

**{¶15}** In the case sub judice, the record contains no evidence that the prosecutor willfully failed to provide appellant with a written copy of the waiver of *Miranda* rights form that appellant had signed on February 19, 2010. The record demonstrates that appellant was given the audio recording of his initial custodial interrogation of February 19, 2010 during pre-trial discovery. As the trial court in this case noted when overruling appellant's oral motion for a mistrial, the taped recorded interview contains appellant's waiver of *Miranda* rights. Appellant does not specifically

say how having the written version of the waiver of *Miranda* would have benefited appellant in preparing his defense.

{¶16} Accordingly, appellant has failed to establish the prosecution's failure to disclose was a willful violation of the rule, foreknowledge of the information would have benefited appellant in the preparation of his defense, and what specific prejudice appellant suffered because of receiving the written version of his *Miranda* rights waiver after trial had begun.  Thus, we find the trial court was well within its broad discretionary authority to resolve the matter as it did.

{¶17} Appellant's first assignment of error is overruled.

II.

{¶18} During the trial, the prosecutor played a portion of the February 19, 2010 tape-recorded interview between appellant and Detective McVicker.  Prior to it being played as part of Detective McVicker's testimony, defense counsel objected based upon "a glitch in his tape."  Counsel objected, "until the glitch can be explained."  Counsel based his objection on a "lack of foundation."  On appeal appellant claims the trial court erred in permitting the tape to be played during his trial because of this lack of foundation.

{¶19} The explanation provided by the trial court's bailiff was that the "glitch" was from the mechanics in the replaying the recording on the court's equipment:

{¶20} "THE BAILIFF: This machine will only buffer so much in memory at a time. You can hear the thing stop.  The drive will kick in and it then buffer more information and click.  That's what's happening here."

**{¶21}** To be admissible, a tape recording must be authentic, accurate and trustworthy. Whether to admit tape recordings containing inaudible portions is a matter within the sound discretion of the trial court.  A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced.  An abuse of discretion implies that the court acted unreasonably, arbitrarily or unconscionably.

**{¶22}** In the case at bar, appellant had ample opportunity to cross-examine Detective McVicker thereby clarifying any problems caused by the glitch as well as the date the recording was made and the identity of the persons speaking on the tape.

**{¶23}** Based on the foregoing, we conclude that the trial court did not abuse its discretion in admitting the audio portion of the tape and allowing the tape to be played for the jury.

**{¶24}** Appellant's second assignment of error is overruled.

III.

**{¶25}** In his third assignment of error appellant maintains that the trial court was wrong not to grant his post-trial motion for a new trial.

**{¶26}** A motion for a new trial is governed by Crim. R. 33(A)(2). A motion for new trial made is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.

**{¶27}** Appellant argues that he is entitled to a new trial because his substantial rights have been materially affected by misconduct of the prosecuting attorney. Appellant contends that he was denied a fair trial because the state failed to provide appellant the written waiver of *Miranda* rights form that he signed February 19, 2010

until after the trial had begun. Appellant alleges that he was prejudiced because his trial counsel was thrown for a loss and his cross-examination "was jerked."

{¶28} First, it is highly unlikely the outcome of appellant's trial would have been any different had the waiver appellant signed on February 19, 2010 been given to him before his trial started. As we have already noted, appellant was provided with the tape-recorded copy of his statement that contained his waiver of *Miranda* rights. The appellant knew or should have known at the time of his trial that he had signed a waiver of his *Miranda* rights before the commencement of his interview with Detective McVicker on February 19, 2010. Appellant does not make any specific argument stating how having a copy of the written waiver prior to trial could possibly have resulted in the jury finding him not guilty of the charge.

{¶29} Appellant's third assignment of error is overruled.

IV.

{¶30} Appellant's fourth assignment of error concerns the trial court's imposition of sentence.

{¶31} Appellant first argues that his sentence is contrary to law because the trial court was required to make findings under R.C. 2929.12(B) to 2929.12(E).

{¶32} Appellant was found guilty by a jury of theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(2). For a violation of a felony of the fourth degree, the potential sentence that a court can impose is six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. Appellant was sentenced to a term of incarceration of fifteen months.

{¶33} Upon review, we find that the trial court's sentencing on the charge complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised appellant regarding post release control. Therefore, the sentence is not clearly and convincingly contrary to law.

{¶34} Appellant next argues that the trial court found there to be no "less serious factors." However, appellant argues, there is no evidence that appellant caused or expected to cause physical harm to any person or property. In fact, there is no evidence that he caused physical harm to any person or property.

{¶35} It is not disputed in the case at bar that the excavator valued at $18,800.00 and the trailer valued at $3,625.00 were never returned to Keim Lumber by appellant or anyone else. Further, in this case, the trial court noted appellant's lengthy felony criminal history, dating back to 1990. Further, the trial court acknowledged that it did not sentence appellant to the maximum sentence because appellant did attempt to partially cooperate with the Sheriff's Department.

{¶36} Accordingly, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that her sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.

**{¶37}** It appears to this court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender.  R.C. 2929.11.

**{¶38}** Based on the transcript of the sentencing hearing and the subsequent judgment entry, this court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant.

**{¶39}** Accordingly, appellant's fourth assignment of error is overruled.

V.

**{¶40}** In his fifth assignment of error, appellant argues that he was denied effective assistance of trial counsel.

**{¶41}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness.  To prevail on this claim, appellant must meet both the deficient performance and prejudice prongs.

**{¶42}** Appellant first argues that his trial counsel was ineffective because he did not request a continuance when he received the written waiver of *Miranda* rights that appellant signed on February 19, 201 until after the trial started.

**{¶43}** Appellant has failed to establish that he suffered prejudice because of the failure of counsel to request a continuance.  Specifically appellant does not provide this

court with any rationale as to how his case would have proceeded any differently had a continuance been granted.

**{¶44}** Next appellant argues that his trial counsel was ineffective because he permitted to be played without proper foundation the February 19, 2010 interview between appellant and Detective McVicker. As noted in our disposition of appellant's second assignment of error, a proper foundation was laid and the trial court did not err in allowing the jury to hear the tape recording. Further, appellant had a copy of the tape-recorded interview that contained the wavier.

**{¶45}** Next appellant suggests that his trial counsel was somehow denied the ability to file a motion to suppress because the state did not provide discovery of the written waiver of *Miranda* rights signed by appellant on February 19, 2010.

**{¶46}** However, failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. In this case, appellant presents no cognizable argument on appeal that a motion to suppress would have been granted had trial counsel filed one.

**{¶47}** Having found no errors, appellant's trial counsel was not ineffective.

**{¶48}** Appellant's fifth assignment of error is overruled.

**{¶49}** For all the foregoing reasons, the judgment of the Holmes County Court of

Common Pleas is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

WSG:clw 0303

[Cite as *State v. Matthews*, 2011-Ohio-1321.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HERMAN D. MATTHEWS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-009 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY